DECISION
In the above-entitled cause the plaintiff Donald Beaucage filed a complaint against the defendant, Ocean State Steel, Inc. for breach of contract. Specifically, the plaintiff claims the defendant breached an agreement to pay him the sum of $50,000 to be payable in equal installments of $2,083.00 commencing on December 31, 1993 and terminating on November 30, 1995 in settling a claim the plaintiff had filed with the Rhode Island Commission for Human Rights. In answer to the complaint the defendant asserted that plaintiff Beaucage had substantially and materially breached the agreement, thereby fully relieving the defendant of the obligation to continue the payments after August, 1994. Specifically, the defendant asserts the plaintiff, in violation of the agreement, disclosed the existence of and contents of said agreement. After a two day trial the jury found for the plaintiff in the amount of $33,328.00 and from said verdict the defendant moves under Rule 59 for a new trial.
In considering a motion for new trial, the trial justice acts as a seventh juror and exercises his independent judgment and reviews the evidence in light of his charge to the jury, passing on the weight of the evidence and the credibility of the witnesses. If the Court concludes that the evidence is so evenly balanced that reasonable minds could differ, the Court must approve the verdict even though he may have doubts about its correctness. If, however, the court concludes that the jury's verdict is against the preponderance of the evidence or fails to do substantial justice between the parties, the Court must grant the motion for new trial. Applying this test to the evidence presented I find that, although I may have found otherwise, the jury's verdict is supported by competent and credible evidence.
In the circumstances of this case the parties agreed that the jury could consider the agreement. Both parties moved the agreement as evidence. Said agreement specifically called for payment to plaintiff provided there be no disclosure to anyone other than his family or accountant. It was this alleged breach the defendant relied on in terminating payments and it was this alleged breach the defendant asserted as an "affirmative defense" to the complaint. Thus, for the defendant to prevail on his asserted defense it had to prove by a fair preponderance of the evidence that Beaucage breached the confidentiality clause. Implicate in the court's instructions was that any violation of the confidentiality clause would justify the termination payments. The defendant relies on the testimony of Mert Robinson, Gus Porter, and Joe Cunha to support the claim the Donald Beaucage disclosed confidential information. Although I find both Robinson and Porter were credible witnesses, they could only infer from their conversations with Bernie Mulligan that Beaucage was the source of the leak. Neither Robinson, Porter, nor Cunha has direct information as to whether Beaucage violated the agreement. Indeed Cunha's testimony was of little, if any, probative value on the determinative issue. Mulligan, however, testified that he was not told by Beaucage of the contents of the settlement agreement. Beaucage in his testimony denied being Mulligan's source. It is true the testimony of Beaucage, Mulligan and Mr. Mrs. Tumidajaski was not as impressive as that of Robinson and Porter. But the jury could and did find from all the evidence that Ocean State Steel did not prove by the fair preponderance of the evidence that it was Donald Beaucage who disclosed the confidential information.
Just as the defendant would infer that it was Donald Beaucage who leaked the information, the evidence presented would justify an influence that it was former counsel who told Mulligan of the existence and content of the agreement. Reasonable minds can reach different conclusions. As a matter of law, I must approve the verdict. The defendant's motion for a new trial is denied.